IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER, | No. 2:22-CV-0032-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner currently housed at the Mule Creek State Prison, located in Ione, California. See ECF. No. 1, pg. 1. Plaintiff brings suit against the following defendants: (1) Gavin Newsom, Governor; (2) Joseph R. Wheeler, Deputy Attorney General; (3) Kathleen Allison, Secretary of the California Department of Corrections and Rehabilitations (CDCR); (4) Patrick Covello, Warden; (5) M. Safanov, Protestant Chaplain; (6) Rabbie; (7) "Native Chaplain"; (8) Carillo, Catholic Chaplain; and (9) Felton, Sergeant. Id. Plaintiff asserts the violation of his First Amendment rights in the following four claims.

**First Claim**

In Plaintiff's first claim, he alleges the violation of his First Amendment rights because he is unable to practice his religion, Wicca. See ECF. No. 1, pg. 1. Wicca is based on the religious practices of Ancient Egypt. On March 23, 2021, prior to his arrival at Mule Creek State Prison, Plaintiff contacted Defendant Covello regarding the "consent decree" of his case, Rouser v. White, 825 F.3d 1076 (9th Cir. 2015). See ECF. No. 1, pg. 5. Defendant Covello did not comply. Id. The ability to practice his religion involves the following items: candles, incense, fire pits, firewood, along with an altar and altar cloth for Sabbaths. Id. All of the listed items were denied to Plaintiff. Id. Also, he was only permitted to meet twice a year for Sabbath. Id. Plaintiff stated that he has sent Defendants Newsom and Wheeler notices in an attempt for them to remedy the situation. Id. at 6. Plaintiff alleges that he was injured by Defendants Newsom and Allison's inaction to ensure compliance with the "consent decree". Id. at 5. They were aware of the violations but continued to deny his ability to practice his religion without the required items. Id.
///

**Second Claim**

In Plaintiff's second claim, he alleges the violation of his First Amendment rights because the denial of the listed items has placed a substantial burden to practice his religion. See ECF. No. 1, pg. 10.  Plaintiff alleges that CDCR has known since 1999 that the listed items are essential parts to practice his religion, Wicca. Id.  As a result of his complaint, the "consent decree" permitted Plaintiff to have access to the listed items. Id.  Plaintiff emphasizes that he had access to these items in previously assigned prisons. Id.  He believes that his religion should be granted special privileges like the Native Americans. Id.  Native Americans have received approval by the Religious Review Committee. ECF. No. 1, pg. 29.  Native American Spiritual Grounds/Sweat Lodges are permitted to have both firepits and "lava" rocks (characterized by their light weight and holes for religious ceremonial sweating activities). Id.  However, Defendant Safanov denied the listed items regardless that Plaintiff informed him of the "consent decree". Id. at 7.  Defendant Safanov told Plaintiff that he was only following the guidance of the Attorney General's Office. Id.  Furthermore, Plaintiff alleges that Defendant Safanov has refused on multiple occasions to process paperwork regarding Wiccan Sabbaths. Id. at 9.  Plaintiff believes that Defendant Safanov would not refuse Sabbaths for Muslim and Catholic religious practices. Id.  Lastly, Plaintiff alleges that Defendant Covello promoted a 2015 Memorandum that inhibited his ability to practice his religion. Id. at 8.  Plaintiff alleges that Defendants Covello and Safanov violated his First Amendment rights because he was denied his ability to properly practice his religion. Id. at 10.

**Third Claim**

In Plaintiff's third claim, he alleges the violation of his First Amendment rights because of punishment bestowed upon him. See ECF. No. 1, pg. 12.  Plaintiff alleges that Defendants Wheeler, Covello, and Safanov have entered into a criminal conspiracy to deny him of his First Amendment rights. Id.  Defendant Wheeler is aware of the "consent decree," and he chose to disregard it. Id.  Defendant Wheeler has ensured that it was continuously denied. Id.  Defendant Wheeler has allegedly instructed the prisons to refuse compliance with the "consent decree." Id. at 11.  Plaintiff states that the "consent decree" is well established in the Eastern

1  District of the United States. Id. at 12.  Plaintiff cites a 2015 Memorandum that inhibits his ability
2  to practice his religion. Id.  The memorandum states in relevant parts, "A tea light set in a tin base
3  or flameless candle may be used during ceremonies as a symbolic representation of fire.  The tea
4  light shall be used in an approved method to satisfy the religious/spiritual needs of the group.
5  Fire pits are not permitted." Id. at 23.  Plaintiff reiterates that there is no reason to justify the
6  conspiracy and deny the essential items required to practice his religion. Id. at 12.  Plaintiff has
7  been injured by the named defendants because his inability to practice his religion has led to deep
8  depression and suicidal ideations. Id.  Consequently, Plaintiff has been forced to mediate instead.
9  Id.

**Fourth Claim**

11  In Plaintiff's fourth claim, he alleges the violation of his First Amendment rights
12  to practice his religion, therefore, causing discrimination. See ECF. No. 1, pg. 15.  When Plaintiff
13  arrived at Mule Creek State Prison, he asked Defendant Safanov for the company names where he
14  could order altar cloth. Id.  Defendant Safanov only provided Plaintiff a form that had no picture
15  or description of the altar cloth. Id.  It was from a Protestant Chaplain, which had been previously
16  approved. Id.  Plaintiff ordered an altar cloth that was white and black, which was subsequently
17  denied to him. Id.  Plaintiff filed a grievance regarding the denial and the response letter stated,
18  "The altar cloth was not issued to [Plaintiff] because it was predominantly black in color, with a
19  white design on it. The Religious Personal Property Matrix (RPPM) specifically states that the
20  altar cloths are to be white, gray, or multicolored." Id. at 25.   Plaintiff has been injured by
21  Defendants Safanov and Felton's actions because by denying him the altar cloth, his religion was
22  unfairly discriminated. Id.

**II.  DISCUSSION**

25  The Court finds that Plaintiff has stated a cognizable claim for the inability to
26  practice his religion, Wicca, against some of the named defendants.  Plaintiff asserts the violation
27  of his Eighth Amendment rights in four claims and references a prior consent decree in Rouser v.
28  White, 825 F.3d 1076 (9th Cir. 2015).  Rouser v. White settled that any institution under the

4

1  jurisdiction of CDCR would accommodate [Plaintiff's] religious needs wherever he is assigned.
2  See 825 F.3d 1076 (9th Cir. 2016).  In 1992, Plaintiff filed a civil rights complaint along with 30
3  Wiccan inmates in the Eastern District of California. Id.  Plaintiff stated that Wicca is a bona fide
4  religion and should be afforded the same rights as other predominant faiths. Id.  Similar to the
5  pending complaint before the Court, Plaintiff requested candles, incense, Tarot cards, and the use
6  of the prison chapel for Sabbaths. Id.  Within the following year, a "consent decree" was adopted
7  from Plaintiff's complaint. Id.  The "consent decree" permitted Plaintiff's requested items along
8  with special privileges to report noncompliance directly to the warden. Id.  Thereby, following the
9  Ninth Circuit's decision, the Court finds that Plaintiff has stated a cognizable claim for the
10 inability practice his religion with the listed items.  Plaintiff has stated a cognizable claim against
11 Defendant Covello and Safanov, as alleged in his first and second claims.

12         On his first claim, however, Plaintiff has not stated a cognizable claim against
13 Defendants Newsom and Allison because Plaintiff has failed to allege sufficient facts to establish
14 liability of supervisory individuals.  Lastly, within the remaining third and fourth claim, Plaintiff
15 fails to state a cognizable claim against Defendants Wheeler, Felton, "Rabbie," "Native
16 Chaplain," and Carrillo because the allegations are vague and conclusory, particularly as to
17 causation.

18         **A.**     **Free Exercise Claims**

19         "The right to exercise religious practices and beliefs does not terminate at the
20 prison door.  The free exercise right, however, is necessarily limited by the fact of incarceration,
21 and may be curtailed in order to achieve legitimate correctional goals or to maintain prison
22 security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citations omitted);
23 see also O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Walker v. Beard, 789 F.3d 1125
24 (9th Cir. 2015) (upholding prison classifications used to cell inmates with individuals of a
25 different race, where placement allegedly interferes with inmate's religious practice); Shakur v.
26 Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008); Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993);
27 Friend v. Kolodzieczak, 923 F.2d 126, 127 (9th Cir. 1991). In order to implicate the Free Exercise
28 Clause, the prisoner's belief must be both sincerely held and rooted in religious belief. See

Shakur, 514 F.3d at 884-85. "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015).

Here, Plaintiff has stated a cognizable claim against Defendant Covello and Safanov because they allegedly interfered with his religious practice. Furthermore, Plaintiff has told Defendant Covello of the "consent decree" prior to his arrival to Mule Creek State Prison, but Defendant Covello still refused his request. Following the same reasoning, Plaintiff has requested Defendant Safanov to process paperwork regarding Wiccan Sabbaths, but he refused on multiple occasions. Defendant Safanov has also refused an altar cloth. Thus, Plaintiff may proceed on these claims.

**B.      Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff names as defendants Gavin Newsom, the Governor of the State of California, and Kathleen Allison, the Director of the California Department of Corrections and Rehabilitation. Both are supervisory personnel. Plaintiff has not, however, alleged facts indicating these defendants' personal involvement in the denial of Plaintiff's First Amendment rights pursuant to the consent decree. Plaintiff will be provided an opportunity to amend consistent with the standards outlined above.

### C. Causation

A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); see also Redman v. Cty. of San Diego, 942 F.2d 1435, 1439-40 (9th Cir. 1991) (en banc), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994); Stevenson v. Koskey, 877 F.2d 1435, 1438-39 (9th Cir. 1989); Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743); see also Wong v. United States, 373 F.3d 952, 966 (9th Cir. 2004); Gilbrook v. City of Westminster, 177 F.3d 839, 854 (9th Cir. 1999); Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997); Bateson v. Geisse, 857 F.2d 1300, 1304 (9th Cir. 1988); Merritt v. Mackey, 827 F.2d 1368, 1371 (9th Cir. 1987); McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008); Wong, 373 F.3d at 966; Stevenson, 877 F.2d at 1438-39; Leer, 844 F.2d at 634.

///

In Plaintiff's third claim, he alleges that Defendant Wheeler has been made aware of the "consent decree" and ensures that his rights are continuously denied. The facts alleged by the Plaintiff are vague and conclusory, which provide Defendant with no fair notice of the claim and the specific factual grounds upon which it rests. Plaintiff will have the opportunity to amend or stand on the original complaint.

In Plaintiff's fourth claim, he reiterates his First Amendment claim against Defendants Felton, "Rabbie," "Native Chaplain," and Carrillo. While Plaintiff may have a viable claim against Defendant Felton for the denial of the altar cloth, the grievance stated that the altar cloth was not compliant with the RPPM. In Plaintiff chooses, Plaintiff may assert more facts to establish the Defendant Felton's specific acts and the alleged constitutional violation.

Lastly, Plaintiff fails to provide a causal link with "Rabbie," "Native Chaplain," and Carrillo. Plaintiff simply names them as defendants. Plaintiff's claim is insufficient to provide fair notice of the claim and the grounds upon which it rests. Plaintiff will be provided an opportunity to amend or to stand on the original complaint.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d

8

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  November 18, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE