1
2
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM ROUSER,<br><br>                    Plaintiff,<br><br>          v.<br><br>GAVIN NEWSOM, et al.,<br><br>                    Defendants. | No.  2:22-CV-0032-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 13.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2    with at least some degree of particularity overt acts by specific defendants which support the

3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4    impossible for the Court to conduct the screening required by law when the allegations are vague

5    and conclusory.

6

7                              **I.  PLAINTIFF'S ALLEGATIONS**

8           Plaintiff is a prisoner at Mule Creek State Prison, where the alleged violations

9    occurred.  See ECF No.13 at 1.  Plaintiff names the following as defendants: (1) Gavin Newsom,

10   Governor of California; (2) Joseph R. Wheeler, Deputy Attorney General; (3) Kathleen Allison,

11   Secretary of the California Department of Corrections and Rehabilitation; (4) Patrick Covello,

12   Warden; (5) M. Safonov, Protestant Chaplain; (6) Mohammed, Muslim Chaplain; (7) Jane or

13   John Doe, Rabbi; (8) John or Jane Do, Native; (9) Carrillo, Catholic Chaplain; (10) Felton,

14   Sargent; and (11) J. Eshelman, Community Resource Manager.  Id.

15          In 2009, Plaintiff brought suit against the California Department of Corrections

16   and Rehabilitation (CDCR) for violations of the Religious Land Use and Institutionalized Persons

17   Act (RLUIPA) and First Amendment.  See Rouser v. White, 630 F. Supp. 2d 1165 (E.D. Cal.

18   2009).  In that case, the Court granted injunctive relief allowing Plaintiff to practice his Wiccan

19   Religion.  Id. at 1203-04.

20          In this suit, Plaintiff again claims violations of the RLUIPA and First Amendment.

21   Id. at 5, 8.  Plaintiff alleges the defendants are not following the terms of the settlement

22   agreement from the previous suit.  Id. at 5.

23          Plaintiff claims that the Religious Review Committee, composed of Defendants

24   Safonov, Muhammad, Carrillo, the Rabbi, the Native American Chaplain, Felton, and Eshelman,

25   acted with malice, fraud, and oppression by denying Plaintiff items essential to practice Wicca.

26   See id.  The Committee denied Plaintiff an altar, candles, incense, wood, and a fire pit— even

27   though Catholics and Jews were provided with those items.  Id.  The Committee told Plaintiff that

28   they were acting according to a memo from Warden Covello and Secretary Allison.  Id.  Plaintiff

                                             2

1    alleges that Deputy Attorney General Wheeler told the Committee that they did not have to

2    follow RLUIPA or the court-ordered settlement agreement.  Id. at 5-6.

3            Plaintiff "on numerous occasions" told Governor Newsom that his rights and the

4    court order were being violated.  Id. at 6.  Plaintiff alleges Newsom was deliberately indifferent

5    by not involving himself.  Id.

6            Plaintiff claims that denial of a Wiccan chaplain violates Plaintiff's First

7    Amendment rights of religious establishment.  Id. at 8.  Defendants Covello, Allison, Safonov,

8    Mohammed, the Rabbi, the Native American Chaplain, and Carrillo discriminated against

9    Plaintiff by denying him a Wiccan chaplain.  Id.  Plaintiff was denied the ability to practice his

10   religion, as he was not provided a spiritual advisor as other religions were provided.  Id. at 8.

11   Plaintiff claims this is a violation of the judge's order in Rouser v. White and the RLUIPA.  Id.

12

13                              **II.  DISCUSSION**

14           Plaintiff presents cognizable claims against all defendants besides Governor

15   Newsom.  As explained in the Court's previous order, each defendant must have acted in

16   violation of the Constitution— supervisory liability is not cognizable for § 1983 claims.  Plaintiff

17   was given leave to amend his claim against Newson to articulate Newsom's direct involvement,

18   and Plaintiff's amended complaint merely rearticulated Newsom was related only in his indirect

19   supervisory capacity.  Because Plaintiff is unable to show how Newsom was directly involved,

20   Plaintiff's claim against Newsom should be dismissed.  In a separate order, the Court will allow

21   Plaintiff's claims to proceed against the other defendants.

22           Supervisory personnel are generally not liable under § 1983 for the actions of their

23   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

24   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

25   violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

26   Supreme Court has rejected the notion that a supervisory defendant can be liable based on

27   knowledge and acquiescence in a subordinate's unconstitutional conduct because government

28   officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

Plaintiff alleges that he notified Newsom of the violations.  ECF No. 13 at 6.  Newsom did not involve himself, even though he could have.  Id.  Plaintiff does not allege Newsom personally acted in violation of the Constitution, only that he could have stopped the alleged violation due to his status as governor.  See id.  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Because Newsom did not participate in or direct the violations, he cannot be held liable.  See id.

The Court previously granted Plaintiff the ability to amend his claims to articulate how Newsom participated in or directed the violations.  See ECF No. 12.  Plaintiff was unable to articulate a cognizable claim against Newsom, so his claims against Newsom should be dismissed.

///

///

///

///

///

4

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's claims against Defendant Governor Newsom be dismissed with prejudice, and that Newsom be terminated as a defendant to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  September 1, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5