IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER, | No. 2:22-CV-0032-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH R. WHEELER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss and/or transfer. See ECF No. 27. Defendants argue the action should be transferred to the United States District Court for the Central District of California pursuant to a consent decree issued in Rouser v. White, C. Dist. Cal. case no. 2:11-cv-09123. Defendants also argue that Defendant Wheeler should be dismissed with prejudice as an immune defendant. Defendants have filed a request for judicial notice in support of their motion. See ECF No. 28. Plaintiff has not filed an opposition. Instead, Plaintiff filed a document entitled "Request for Investigation and Sanctions on Defendant Carillo for Destroying the Candles Donated by Plaintiff's Fiancé for Services." See ECF No. 31. Defendants have filed a motion for additional time respond to Plaintiff's request. See ECF No. 32.

///

1

For the reasons discussed below, the Court finds that the matter should be transferred to the United States District Court for the Central District of California as an action to enforce the consent decree in Rouser v. White.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's first amended complaint. See ECF No. 13. Plaintiff is a prisoner at Mule Creek State Prison, where the alleged violations occurred. See id. at 1. Plaintiff names the following as defendants: (1) Gavin Newsom, Governor of California; (2) Joseph R. Wheeler, Deputy Attorney General; (3) Kathleen Allison, Secretary of the California Department of Corrections and Rehabilitation (CDCR); (4) Patrick Covello, Warden; (5) M. Safonov, Protestant Chaplain; (6) Mohammed, Muslim Chaplain; (7) Jane or John Doe, Rabbi; (8) John or Jane Do, Native; (9) Carrillo, Catholic Chaplain; (10) Felton, Sargent; and (11) J. Eshelman, Community Resource Manager. Id. Defendant Newsom has been dismissed. See ECF No. 26.

Plaintiff again claims violations of RLUIPA and the First Amendment. See id. at 5, 8. Plaintiff alleges the Defendants are not following the terms of the consent decree entered I a previous case. See id. at 5.

Plaintiff claims that the Religious Review Committee, composed of Defendants Safonov, Muhammad, Carrillo, the Rabbi, the Native American Chaplain, Felton, and Eshelman, acted with malice, fraud, and oppression by denying Plaintiff items essential to practice Wicca. See id. The Committee denied Plaintiff an altar, candles, incense, wood, and a fire pit— even though Catholics and Jews were provided with those items. See id. The Committee told Plaintiff that they were acting according to a memo from Warden Covello and Secretary Allison. See id. Plaintiff alleges that Deputy Attorney General Wheeler told the Committee that they did not have to follow RLUIPA or the court-ordered settlement agreement. See id. at 5-6.

///

///

///

1    Plaintiff claims that denial of a Wiccan chaplain violates Plaintiff's First
2 Amendment rights of religious establishment. See id. at 8. Defendants Covello, Allison,
3 Safonov, Mohammed, the Rabbi, the Native American Chaplain, and Carrillo discriminated
4 against Plaintiff by denying him a Wiccan chaplain. See id. Plaintiff was denied the ability to
5 practice his religion, as he was not provided a spiritual advisor as other religions were provided.
6 See id. at 8. Plaintiff claims this is a violation of the judge's order in Rouser v. White. See id.
7 Plaintiff seeks damages and injunctive relief.

## II. PLAINTIFF'S PREVIOUS LITIGATION

On May 7, 1993, Plaintiff filed a lawsuit in the Eastern District alleging that former CDCR directors and wardens at various prisons violated his religious rights under the First Amendment and RLUIPA. See Rouser v. White, E. Dist. Cal. case no. 2:93-cv-0767-LKK-GGH-P. In that case, the court granted Plaintiff's motion for injunctive relief to facilitate access to religious items and group worship. See 630 F. Supp. 2d 1165 (E.D. Cal. 2009). Plaintiff later obtained a second order granting injunctive relief arising from conditions at California State Prison – Los Angeles County. See 630 F. Supp. 2d 1055 (E.D. Cal. 2010).

On September 23, 2011, the parties in Rouser v. White entered into a consent decree, which the court approved. See ECF No. 28, Exhibit A (Defendants' request for judicial notice). The Court accepts Defendants' general description of the consent decree as follows:

> . . . The decree outlined the scope of injunctive relief to which entitled Plaintiff was entitled, including his access to Wiccan services, religious items, and holidays. (Pl.'s Complaint, ECF No. 13 at 10-23.) The decree, by its terms, would apply regardless of what CDCR institution Plaintiff was housed in. (*Id.* at ¶ 43.) However, compliance may be temporarily suspended in various circumstances. (*Id.* at ¶ 37.) The parties agreed to dismiss several defendants, several other litigations, and transfer venue to the Central District of California because Plaintiff was still housed at LAC. (*Id.* at ¶¶ 1-2, 52.)
>
> ECF No. 27-1, pgs. 2-3.

On October 18, 2021, the court transferred Rouser v. White to the United States District Court for the Central District of California and directed that compliance with the consent decree would begin in that court. See ECF No. 28, Exhibit B. The matter was assigned case number 2:11-cv-

3

1  09123 in the Central District.

2  In 2013, the Central District granted Defendants' motion to vacate the consent decree entered in Rouser v. White. See 2013 WL 12377689, at *1 (C.D. Cal. 2013). In 2016, the Ninth Circuit Court of Appeals granted Plaintiff's appeal, vacated the Central District's order, and reinstated the consent decree. See Rouser v. White, 825 F.3d 1076 (9th Cir. 2016). The appellate court remanded the matter back to the Central District. See id. Rouser v. White remains an open case in the Central District subject to the original consent decree. The consent decree provides that jurisdiction and venue over enforcement of Plaintiff's religious accommodations lies in the Central District regardless of Plaintiff's assigned prison. See ECF No. 28, Exhibit A.

### III.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to challenge venue. If venue is improper, the matter must either be dismissed without prejudice or transferred pursuant to 28 U.S.C. § 1406(a) to the proper venue. See Nissan Motor Co. v. Nissan Computer Corp., 89 F. Supp. 2d 1145, 1161 (C.D. Cal. 2000).

Here, Defendants argue that venue is improper in the Eastern District and that the matter should be transferred to the Central District pursuant to the consent decree in Rouser v. White. See ECF No. 27-1, pgs. 8-9. According to Defendants:

> A district court retains continuing jurisdiction to enforce its judgments, including those obtained by consent decree. *Hook v. State of Arizona, Dep't of Corrections*, 972 F.2d 1012, 1014 (9th Cir. 1992). A consent decree contains elements of both court judgment and contract, embodying the parties' agreements and their expectation that it is enforceable by a court. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992). The parties to a consent decree expect and achieve a continuing basis of jurisdiction to enforce the terms of the resolution of their case in the court entering the order. *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002), *overruled on other grounds by Stinnie v. Holcomb*, 77 F.4th 200 (4th Cir. 2023). Thus, a court may "refuse entirely to entertain the action if relief in a more appropriate forum – the rendering court – were available." *Treadaway v. Academy of Motion Picture Arts*, 783 F.2d 1418, 1421 (9th Cir. 1986). This is especially true where the relief sought in the litigation cannot be separated from the relief provided by the consent decree. (*Parkison v. Butte Cnty. Sheriff's Dep't*, 2013 WL 1007042, at *14 (E.D. Cal. Mar. 13, 2013), *report and recommendation adopted,* 2013 WL 1345080 (E.D. Cal. Mar. 28, 2013); *Goulart v. United Airlines, Inc.*, 1994 WL 544476, at *3 (N.D. Cal. Sept.

4

28, 1994) (citing *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 865 (2d Cir. 1988).))

Here, Plaintiff's request for relief cannot be separated from the relief provided by the consent decree. Plaintiff alleges that MCSP staff conspired to prohibit his access to religious items and interfere with the practice of his religion, and Plaintiff seeks injunctive relief to correct these violations. This is the same relief that was already at issue in *Rouser v. White*, 2022 WL 343250, and is currently pending in the Ninth Circuit. Plaintiff's collateral litigation, even if not already being adjudicated, would still require the interpretation and enforcement of the consent decree. Jurisdiction of the consent decree has been reserved by the Central District regardless of which prison Plaintiff is incarcerated in. An order from the Eastern District granting or denying the relief requested would potentially lead to conflicting court orders and confusion among the parties as to which order they should follow. Wiccan sigils, the only exception given in the consent decree, are also not at issue here. Accordingly, principles of comity and the orderly administration of justice dictate that this court either dismiss this litigation, or, in the alternative, transfer this case back to the Central District.

ECF No. 27-1, pgs. 8-9.

Defendants' argument is well-taken. The Court agrees that the current action is an enforcement action subject to the consent decree entered in <u>Rouser v. White</u>, which is pending in the Central District. In the interest of justice, the Court will transfer the matter to the Central District. <u>See</u> 28 U.S.C. § 1406(a).

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' request for judicial notice, ECF No. 28, is GRANTED.

2. Defendants' unopposed motion to dismiss and/or transfer, ECF No. 27, is GRANTED to the extent the Court finds that this matter should be transferred.

3. The Court expresses no opinion as to whether Defendant Wheeler should be dismissed as an immune defendant, and the Court expresses no opinion regarding Plaintiff's filing entitled "Request for Investigation and Sanctions on Defendant Carillo for Destroying the Candles Donated by Plaintiff's Fiancé for Services," ECF No. 31, or Defendants motion for additional time to respond thereto, ECF No. 32, such matters to be more properly addressed by the transferee court.

///

5

4. This matter is TRANSFERRED to the United States District Court for the Central District of California consistent with the terms of the consent decree entered in <u>Rouser v. White</u>, 2:11-cv-09123.

Dated: July 22, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE